**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BILLY JOHN ROBERSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-1570-L** |
| | ) | **ECF** |
| **LISA MATZ, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Goree Unit of the Texas Department of Criminal Justice, Correctional Institutions Division in Huntsville, Texas. At the time of filing this action he was incarcerated at the Dallas County Jail in Dallas, Texas.

Defendants are Fifth District Court of Appeals Clerk Lisa Matz, Fifth District Court of Appeals Judge Linda Thomas, State District Judge Henry Wade, Clerk Rhonda Sutton, Assistant District Attorney Keith Robinson, and Defense Counsel Stanley Weinberg. The Court has not

issued process in this case, pending preliminary screening.[1]

Statement of Case:  The complaint alleges that evidence of Plaintiff's innocence was given to defense counsel and to Judge Wade, who in turn overlooked the same.  The complaint further alleges that Assistant DA Robinson relied on a false police report to argue in court that Plaintiff's family had lied to keep him from going to jail.  According to Plaintiff, defense counsel neither objected to the DA's comments nor presented the evidence of his innocence in court.  He further claims that his attorney failed to defend him in all respect, although counsel had been paid $10,000 in attorney's fees.  (Complaint at 4).

In connection with his direct appeal, Plaintiff alleges that Chief Judge Thomas "overlooked the PDR and reconsideration of [denial of ] appeal."  He further alleges that she sent "both forms of evidence to [C]riminal [C]ourt of [A]ppeal[s] in Austin."  (*Id.* at 4).  He also complains that the Clerk of the Fifth Court of Appeals, Lisa Matz, and Deputy Clerk Sutton returned to him materials which would support his innocence.  (*Id.* at 3-4).  He seeks monetary relief and an order directing his release from confinement.  (*Id.* at 4).

Following his plea of not guilty, a jury convicted Petitioner of aggravated assault with a deadly weapon and sentenced him to six years imprisonment and a $5,000 fine.  *State v. Roberson*, No. F03-45525-WV (292nd Judicial District Court of Dallas County, Texas).  His conviction was affirmed on direct appeal.  *Roberson v. State*, No. 05-05-00629-CR (Tex. App. -- Dallas Jan 20, 2006).  On May 24, 2006, Plaintiff filed a state habeas corpus application, pursuant to art. 11.07 Texas Code of Criminal Procedure.  The convicting court filed findings of

---

[1]     Plaintiff identifies Defendant Sutton as "clerk" at 600 Commerce St., 2nd Floor, which is the physical address for the Fifth District Court of Appeals.  (*See* Complaint at p.3 ¶ IV(B)).  It is assumed that Ms. Sutton is employed as clerk or deputy clerk at that court.

fact and conclusions of law on October 24, 2006, and the matter was forwarded to the Texas Court of Criminal Appeals for review.   *See* No. W03-45525-A.[2]

<u>Findings and Conclusions</u>:   Although Plaintiff paid the $350.00 filing fee, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.   *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*).   Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."   A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S.

---

[2]     Prior to filing this action, Plaintiff filed three habeas corpus applications pursuant to 28 U.S.C. § 2254, two of which have been dismissed without prejudice for failure to exhaust state court remedies.   *See Roberson v. State of Texas*, 3:06cv0739-R (N.D. Tex., Dallas Div., May 9, 2006); *Roberson v. Dallas County Jail*, 3:06cv1571-B (N.D. Tex., Dallas Div., Oct. 11, 2006).   *See also Roberson v. Quarterman*, 3:06cv1786-M (N.D. Tex., Dallas Div.) (findings and conclusions filed on Oct. 17, 2006, recommending dismissal without prejudice for failure to exhaust).   Plaintiff also filed a prior civil rights action challenging his underlying criminal conviction, seeking both monetary and habeas relief.   *See Roberson v. State of Texas*, 3:05cv1490-P (N.D. Tex., Dallas Div.).   On March 8, 2006, Plaintiff's request for monetary relief was dismissed with prejudice to it being reasserted until the *Heck* conditions are met, and his request for habeas relief was dismissed without prejudice to refiling once the exhaustion requirement is  satisfied.   *Id.*

319, 325 (1989).

Insofar as Plaintiff requests reversal of his conviction and release from confinement, his claim is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987) (Where a state prisoner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'")); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

To maintain a habeas corpus action a plaintiff/petitioner must exhaust his state remedies. *See* 28 U.S.C. § 2254(b).  As summarized above, the convicting court only recently filed findings and conclusions with respect to Plaintiff's art. 11.07 application.  As a result, he has not exhausted his state court remedies by "fairly presenting" all of his claims to the Court of Criminal Appeals for review.  *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985).  Accordingly, the complaint -- construed as a petition for a writ of habeas corpus -- should be dismissed without prejudice to Plaintiff's right to refile after exhausting state habeas corpus remedies.  *See* 28 U.S.C. § 2254(b).

Plaintiff's requests for monetary relief lack an arguable basis in law and should be dismissed as frivolous.  Judges Thomas and Dean are absolutely immune from any claims for

4

monetary damages.[3]  Plaintiff's own pleadings concede that Judge Wade overlooked the evidence of his innocence during his criminal trial, and that Judge Thomas overlooked the same evidence in connection with his direct criminal appeal.  It is thus self-evident that any acts or omission by Judge Wade and Judge Thomas took place in their capacities and functions as judges, which in and of itself renders them immune from a suit for monetary damages.  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *see also Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995). [4]

Plaintiff's claim for monetary relief against Assistant District Attorney Robinson is also barred by the doctrine of absolute immunity.  A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case.  *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).  Here it is clear that Plaintiff is seeking to sue Robinson for presenting an allegedly false police report and making arguments to the jury in the course of his

---

[3]        "Despite the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) (presently § 1915(e)] determination."  *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995) (citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994)); *see also Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th  Cir. 1995) (even if a complaint is subject to dismissal under Heck, it remains appropriate for district courts to resolve the question of immunity before reaching the *Heck* analysis).

[4]        Even assuming Plaintiff's claims against Judges Wade and Thomas were not barred by absolute immunity, they would impugn on the validity of his state conviction and sentence in Cause No. F03-45525.  Under the Supreme Court's decision in *Heck,* 512 U.S. 477, 486-87, Plaintiff's claims are not cognizable in this civil rights action, unless Plaintiff's conviction is reversed, expunged, invalidated or called into question.  Presently Plaintiff cannot make such a showing.

criminal trial.

Plaintiff's claims against his defense counsel fare no better.  Section 1983 affords redress only for conduct committed by a person acting under color of state law.[5]  Neither appointed nor retained counsel acts under color of state law in representing a defendant in a criminal proceeding.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law).

Next Plaintiff alleges that Defendants Matz and Sutton mailed back to him materials that he had previously submitted to prove his innocence.  The return of such documents amounts at most to negligence.  It is well established that negligent conduct is not actionable under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995).  Because the complaint is devoid of any allegation supporting a constitutional claim based on the return of such materials, Plaintiff has failed to raise a claim cognizable under § 1983.

---

[5]     42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

RECOMMENDATION:

        For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED

with prejudice as frivolous and for seeking monetary relief against defendants who are immune

from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).

        It is further recommended that Plaintiff's complaint -- construed as a petition for a writ

of habeas corpus -- should be DISMISSED without prejudice to Plaintiff's right to refile after

exhausting state habeas corpus remedies.  See 28 U.S.C. § 2254(b).

        It is further recommended that Plaintiff's motion to proceed *in forma pauperis* be

DENIED as moot.

        A copy of this recommendation will be mailed to Plaintiff.

        Signed this 31st day of October, 2006.


                                        _____
                                        WM. F. SANDERSON, JR.
                                        UNITED STATES MAGISTRATE JUDGE



                                        NOTICE

        In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.
1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten-day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.